Justice Breyer,
with whom Justice Stevens joins,
dissenting.
The Federal Republic of Germany et al. (Germany) has filed a motion for leave to file a complaint, seeking as relief an injunction prohibiting the execution of Walter LaGrand pending final resolution of Germany’s case against the United *113 States in the International Court of Justice (ICJ) — a case in which Germany claims that Arizona’s execution of LaGrand violates the Vienna Convention. Germany also seeks a stay of that execution “pending the Court’s disposition of the motion for leave to file an original bill of complaint after a normal course of briefing and deliberation on that motion.” Motion for Leave to File a Bill of Complaint and for a Temporary Restraining Order or Preliminary Injunction 2 (Motion). The ICJ has issued an order “indicating]” that the “United States should take all measures at its disposal to ensure that Walter LaGrand is not executed pending the final decision in these [ICJ] proceedings.” ¶ 9, id., at 6-7.
The Solicitor General has filed a letter in which he opposes any stay. In his view, the “Vienna Convention does not furnish a basis for this Court to grant a stay of execution,” and “an order of the International Court of Justice indicating provisional measures is not binding and does not furnish a basis for judicial relief.” The Solicitor General adds, however, that he has “not had time to read the materials thoroughly or to digest the contents.” Letter from Solicitor General Waxman filed Mar. 3,1999, with Clerk of this Court.
Germany’s filings come at what is literally the eleventh hour. Nonetheless, Germany explains that it did not file its case in the ICJ until it learned that the State of Arizona had admitted that it was aware, when LaGrand was arrested, that he was a German national. That admission came only eight days ago, and the ICJ issued its preliminary ruling only today. Regardless, in light of the fact that both the ICJ and a sovereign nation have asked that we stay this case, or “indicate[d]” that we should do so, Motion 6,1 would grant the preliminary stay that Germany requests. That stay would give us time to consider, after briefing from all interested parties, the jurisdictional and international legal issues involved, including further views of the Solicitor General, after time for study and appropriate consultation.
*114 The Court has made Germany’s motion for a preliminary stay moot by denying its motion to file its complaint and "declining] to exercise” its original jurisdiction in light of the “tardiness of the pleas and the jurisdictional barriers they implicate.” Ante, at 112. It is at least arguable that Germany’s reasons for filing so late are valid, and the jurisdictional matters are arguable. Indeed, the Court says that it is merely “doubtful that Art. Ill, §2, cl. 2, provides an anchor” for the suit and that a foreign government’s ability to assert a claim against a State is “without evident support in the Vienna Convention and in probable contravention of Eleventh Amendment principles.” Ante, at 112' (emphasis added). The words “doubtful” and “probable,” in my view, suggest a need for fuller briefing.
For these reasons I a