UNITED STATES

v.

**Sanjeeta K. SINGH, Airman Recruit (E-1), U.S. Navy.**

NMCCA 200202146.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 May 2002.

Decided 11 Feb. 2004.

LtCol William F.L. Rodgers, USMCR, Appellate Defense Counsel.

Lt C.C. Burris, JAGC, USNR, Appellate Government Counsel.

Before PRICE, Senior Judge, SUSZAN, and HARRIS, Appellate Military Judges.

PRICE, Senior Judge:

Pursuant to her pleas, the appellant was convicted of unauthorized absence (two specifications), missing movement, and failure to obey an order, in violation of Articles 86, 87, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 887, and 892. A military judge sitting as a special court-martial sentenced the appellant to confinement for 150 days, forfeiture of $735.00 pay per month for 6 months, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

In a post-trial clemency petition, the trial defense counsel alleged that the appellant was denied her rights under Secretary of the Navy Instruction 5820.6 (5 Nov 1968) to have her foreign consul notified of her detention and to speak with and receive assistance from the foreign consul. In his response, the convening authority admitted that the foreign consul was not notified but stated that the appellant was afforded her right to qualified defense counsel, and that the appellant had waived the issue by not asserting it at trial.

Before this court, the appellant has assigned as her sole assignment of error that her rights under SECNAVINST 5820.6 were violated. We must decide whether the appellant possesses individually-enforceable rights under the Instruction in the context of trial by court-martial. If so, we must then determine whether the deprivation of such rights materially prejudiced the appellant. *See* Art. 59(a), UCMJ, 10 U.S.C. § 859(a). Apparently, these are issues of first impression for military appellate courts.

## Does SECNAVINST 5820.6 Create Individually Enforceable Rights in Trial by Court–Martial?

 The appellant is a citizen of Fiji who settled in the United States with her family when she was about 18. At about the age of 20, she enlisted in the U.S. Navy. She has not obtained U.S. citizenship.

The appellant asserts that the bad-conduct discharge should be set aside,[1] specifically contending that:

> BY FAILING TO NOTIFY THE FIJIAN COUNSEL [SIC] OF THOSE CHARGES AGAINST THE APPELLANT AT THE TIME THOSE CHARGES WERE RE-FERRED, THE GENERAL COURT-MARTIAL CONVENING AUTHORITY VIOLATED PARAGRAPH 2b OF SEC-NAVINST 5820.6, WHICH REQUIRED SUCH NOTIFICATION. IN ADDI-TION, BY FAILING TO INFORM AP-PELLANT OF HER RIGHT TO NOTI-FY HER CONSUL HERSELF, THE GOVERNMENT VIOLATED ARTICLE 36 OF THE VIENNA CONVENTION ON CONSULAR RELATIONS.

Appellant's Brief of 27 Feb 2003 at 2. The Government concedes that the Instruction imposed such a notification requirement upon the general court-martial convening authority unless the appellant objected to notification. However, the Government argues that the Vienna Convention and Instruction requirements do not confer an individually-enforceable right upon the appellant, and that even if such a right should be recognized by this court, no material prejudice ensued.

We have considered the Vienna Convention requirements of notification and have examined the text of the Instruction. Of particular note, neither document addresses the enforceability of individual rights in a prosecution by court-martial. The Instruction is actually a joint regulation issued by each of the military services. The pertinent portion requires consular notification:

> [W]henever a foreign national is appre-hended under circumstances likely to re-sult in confinement or trial by court-mar-tial and states that he is a foreign national, or is ordered into arrest or confinement, or is held for trial with or without any form of restraint, or when court-martial charges against him are referred for trial.

SECNAVINST 5820.6 at ¶ 4d; Army Regulation No. 27–52; Air Force Regulation No. 110–13.

Given the absence of any military appellate decision addressing the Vienna Convention or the joint regulation, we turn to the Sixth Circuit Court of Appeals for guidance. In *United States v. Emuegbunam,* 268 F.3d 377, 394 (6th Cir.2001), the Sixth Circuit Court of Appeals held that the Vienna Convention does not confer individually-enforceable rights upon defendants in federal prosecutions. In its analysis, the court surveyed decisions in other circuits and concluded that as a general rule, international treaties do not create individual rights that may be enforced in the federal courts. *Id.* at 389.[2] Of particular application to the Vienna Convention, the court explained that:

> [T]he Preamble to the Vienna Convention expressly disclaims the creation of any in-dividual rights: "The purpose of such priv-ileges and immunities is **not to benefit individuals** but to ensure the efficient per-formance of functions by consular posts on behalf of their respective States." Vienna Convention, 21 U.S.T. at 79, 596 U.N.T.S. at 262 (emphasis added).

*Id.* at 392.

The United States Supreme Court has not addressed the primary issue before us. However, as the Sixth Circuit emphasized:

> Significantly, the Supreme Court has twice held that the Vienna Convention does not provide a signatory nation a private right of action in the federal courts to seek a remedy for a violation of Article 36. *Fed-eral Republic of Germany v. United States,* 526 U.S. 111, 111–12, 119 S.Ct.

---

1. The appellant noted, in a footnote to her brief, that she stated at trial she could be deported if a bad-conduct discharge was adjudged.

2. For an excellent treatment of the issue, see Roberto Iraola, *Federal Criminal Prosecutions and the Right to Consular Notification Under Article 36 of the Vienna Convention,* 105 W. Va. L.Rev. 179 (Fall 2002).

1016, 143 L.Ed.2d 192 (1999) (per curiam); *Breard v. Greene,* 523 U.S. [371,] 377, 118 S.Ct. 1352, 140 L.Ed.2d 529 [ (1998) ]. If a foreign sovereign to whose benefit the Vienna Convention inures cannot seek a judicial remedy, we cannot fathom how an individual foreign national can do so in the absence of express language in the treaty. *Id.* at 394. We concur with this analysis, and conclude that this same reasoning applies to our interpretation of the Instruction. Accordingly, we hold that neither the Vienna Convention nor SECNAVINST 5820.6 confers individual rights enforceable by courts-martial and this appellate court.

■ Even if we err in our conclusion, we find no prejudice, much less material prejudice under Article 59(a), UCMJ. The appellant asserts that, "prejudice ... should be presumed ... inasmuch as the Fijian consul was denied the opportunity to immediately and directly bring political and diplomatic pressure to bear on appellant's behalf." Appellant's Brief at 2. No elaboration is provided for what amounts to a speculative and conclusory argument. Given the seriousness of the appellant's offenses and our collective experience in staff judge advocate billets, we conclude that, even if the Fijian consul had been notified and brought pressure to bear on the appellant's behalf, no relief would have been granted by the convening authority or military judge.

### Conclusion

The findings and sentence, as approved by the convening authority, are affirmed. We, however, direct that the supplemental court-martial order reflect that the specifications under Charges II and III were committed in 2002, rather than 2001.

Judge SUSZAN and Judge HARRIS concur.